Gordon L. Osaka, OSB #75287
Kelly A. Fisher, OSB #065878
Gordon L. Osaka, Attorney at Law, P.C.
1000 SW Broadway, Suite 940
Portland, OR 97205
Telephone:  (503) 241-8005
Fax:  (503) 241-8178
Email:  glosaka@ipns.com
        kfisher@ipns.com
     Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| RETAIL IMAGING MANAGEMENT GROUP, LLC, an Oregon Limited Liability Company,<br><br>        Plaintiff,<br><br>    v.<br><br>FUJIFILM NORTH AMERICA CORPORATION, a New York Corporation<br><br>        Defendant. | Case No. CV'11-1242 SI<br><br>DECLARATION OF BRAD EAMON IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT NOTICE; ALTERNATIVELY, MOTION FOR PRELIMINARY INJUNCTION WITH NOTICE |

I, BRAD EAMON, declare as follows:

I am Chief Executive Officer of Plaintiff Retail Imaging Management Group, LLC (Retail Imaging).

On Wednesday January 11, 2012, at 3:00 P.M., EST, I met with Rite Aid's Tim Beckes, Barb Giambolvo-Skaggs, and Bill Case, at their request.

PAGE 1 – DECLARATION OF BRAD EAMON
IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER

GORDON L. OSAKA
ATTORNEY AT LAW, P.C.
1000 S.W. BROADWAY, SUITE 940
PORTLAND, OR  97205
503. 241. 8005

On Monday, January 16, 2012, Defendant Fujifilm North America Corporation (FUJI) began the transition of performing Rite Aid's Photo Call Center business, which business is transitioning from Retail Imaging to FUJI. The transition is to be completed by March 5, 2012.

Retail Imaging provides comprehensive Photo Call Center support for all photo equipment, software and networking devices present in the 4,400 Rite Aid nationwide stores for both store personnel operating the devices and field technicians that repair and maintain these devices. The photo printing equipment present at Rite Aid is manufactured primarily by FUJI, as well as Noritsu, Kodak, Rimage, Pakon, Pixel Magic and Dai Nippon Printing (DNP), for the most part.

Retail Imaging, as the incumbent in good standing who had been performing these services since 2007, was not allowed to bid on this business. It is the time honored business norm to favor incumbents who have met performance metrics, which we have without exception. I sense that the only reason Rite Aid made the decision to transition its Photo Call Center business to FUJI is because FUJI made a bundled product and service contract, with substantial up-front "trade allowances" that would only be paid only if the Photo Call Center and Device

PAGE 1 – DECLARATION OF BRAD EAMON
IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER

GORDON L. OSAKA
ATTORNEY AT LAW, P.C.
1000 S.W. BROADWAY, SUITE 940
PORTLAND, OR 97205
503. 241. 8005

Bench Repair were included. Fuji leveraged its participation in all segments of the photo business, from equipment manufacture, to consumable supply manufacture, to field service, in order to craft a multi-category bundled program that Retail Imaging could not compete with because we do not manufacture equipment and supplies and cannot therefore leverage the profits from products in those areas to provide the large trade allowances that were then used to secure the Photo Call Center and Device Repair businesses as well. The sum of this bundled offer was, I believe, so great that it motivated Rite Aid to break the time honored business norm of giving incumbents both the opportunity to bid and the last right of refusal in the bid process. In fact, Fuji's apparent financial coercion was so significant that Rite Aid did not even allow Retail Imaging to place a bid. In effect, Fuji offered Rite Aid a below-cost offer for the call center business that Rite Aid could not refuse.

FUJI does not have a call center support unit.  It will have to outsource Rite Aid's Photo Call Center to a third person (CGS) that has no experience whatsoever in supporting the kiosks, mini-labs, and printers made by companies other than FUJI.  Currently, the majority of the photo printing equipment in operation in the 4,400 Rite Aid stores is equipment

PAGE 1 – DECLARATION OF BRAD EAMON
IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER

GORDON L. OSAKA
ATTORNEY AT LAW, P.C.
1000 S.W. BROADWAY, SUITE 940
PORTLAND, OR  97205
503. 241. 8005

manufactured by FUJI, Noritsu, Kodak, Rimage, Pakon, Pixel Magic and Dai Nippon Printing (DNP), for the most part, and CGS has no experience supporting the equipment made by the other manufacturers whose equipment is present in over 2,200 Rite Aid stores.

Retail Imaging employs over 100 people in our Portland, Oregon office, most of whom will, sadly, lose their jobs on March 1, 2012, if FUJI is allowed to take over the Photo Call Center business at Rite Aid. We will also suffer a revenue loss in excess of 30% of total sales.

It does not escape me that FUJI's taking of the Rite Aid Photo Call Center business occurred after we replaced FUJI at Sam's Club (a Walmart subsidiary) as its photo finishing equipment service provider with lower prices and superior service (after we replaced FUJI at Sam's Club, FUJI also took over Rite Aid's bench repair work, which we had historically performed). We now support 60% of the Sam's Club stores.

Our in-roads with Sam's Club with lower prices and superior service provides us with a strong opportunity to expand the same lower price and superior services option to Sam's Club's parent, Walmart, and its approximate 7,000 nationwide stores. FUJI currently provides this service for the Walmart stores.

PAGE 1 – DECLARATION OF BRAD EAMON
IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER

GORDON L. OSAKA
ATTORNEY AT LAW, P.C.
1000 S.W. BROADWAY, SUITE 940
PORTLAND, OR 97205
503. 241. 8005

In an attempt to resolve the business differences between Retail Imaging and FUJI, I arranged a face-to-face meeting with Manny Almeida, the VP and General Manager of FUJI. We met in Valhalla, New York, on Tuesday, August 16, 2011. We both stated that the interests of our mutual customer, Sam's Club, should be put first. Mr. Almeida explained to me that the photo finishing equipment service business was very important to FUJI and that he was unhappy about losing the majority of the Sam's Club service business to Retail Imaging. I explained that Sam's Club had specifically come to Retail Imaging, not vice versa, and asked us to bid on taking over this service business. I told Mr. Almeida that the bench repair of photo devices and Photo Call Center support business were very important to our future. Mr. Almeida responded by saying that FUJI outsourced both the bench repair work and Photo Call Center support, adding that neither of these two business areas are important to FUJI at all. All of which simply emphasizes to me that FUJI's intent in taking over Rite Aid's Photo Call Center support and bench repair work is to destroy us as a service competitor and protect the Walmart service account.

PAGE 1 – DECLARATION OF BRAD EAMON
IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER

GORDON L. OSAKA
ATTORNEY AT LAW, P.C.
1000 S.W. BROADWAY, SUITE 940
PORTLAND, OR 97205
503. 241. 8005

I make this declaration in support of Plaintiff's Motion for Temporary Restraining Order without Notice; Alternatively, Motion for Preliminary Injunction with Notice.

Pursuant to 28 U.S.C. §1746, I hereby declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated this 17th day of January, 2012.

                                       RESPECTFULLY SUBMITTED,

                                       /s/  Brad Eamon
                                            BRAD EAMON

PAGE 1 – DECLARATION OF BRAD EAMON
IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER

GORDON L. OSAKA
ATTORNEY AT LAW, P.C.
1000 S.W. BROADWAY, SUITE 940
PORTLAND, OR 97205
503. 241. 8005